UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IRA ALSTON, : | |
| Plaintiff, : | |
| : | PRISONER |
| v. : | CASE NO. 3:12-cv-811 (CSH) |
| : | |
| BRIAN K. MURPHY, et al., : | |
| Defendants. : | |

INITIAL REVIEW ORDER

The plaintiff, currently incarcerated at the Northern Correctional Institution in Somers, Connecticut, has filed a complaint *pro se* under 42 U.S.C. § 1983 (2000) seeking damages and injunctive relief. The plaintiff names as defendants Brian K. Murphy, Michael P. Lajoie, Angel Quiros, Leo Arnone and Edward Maldonado.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id*.

In reviewing a *pro se* complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on

its face." *Twombly*, 550 U.S. at 570.  But "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

The plaintiff challenges the institutional practice of requiring inmates confined in Phase I of the Security Risk Group Safety Threat Member Program to recreate while handcuffed with hands behind the back as depriving him of an opportunity for meaningful exercise.  He also alleges that he is unable to exercise within his cell.  The court concludes, at this time, that the complaint and the plaintiff's motion for preliminary injunctive relief should be served on the defendants.

## ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1)    **The Pro Se Prisoner Litigation Office shall** verify the current work addresses of each defendant with the Department of Correction Office of Legal Affairs and mail waiver of service of process request packets to each defendant at the confirmed addresses within **fourteen (14) days** of this Order.  The Pro Se Prisoner Litigation Office shall report to the court on the status of those waiver requests on the thirty-fifth (35) day after mailing.  If any defendant fails to return the waiver request, the Pro Se Prisoner Litigation Office shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his or her individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2)    **The Pro Se Prisoner Litigation Office shall** prepare a summons form and send

an official capacity service packet to the U.S. Marshal Service. The U.S. Marshal is directed to effect service of the complaint and the plaintiff's motion for preliminary injunctive reliefs on the defendants in their official capacities at the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141, within **fourteen (14) days** from the date of this order and to file returns of service within twenty (20) days from the date of this order.

(3) **The Pro Se Prisoner Litigation Office** shall send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(4) **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(5) **The defendants shall** file their response to the complaint, either an answer or motion to dismiss, within **seventy (70) days** from the date of this order. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They also may include any and all additional defenses permitted by the Federal Rules.

(6) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

(7) All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(8) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9)     The defendants are directed to file their response to the plaintiff's motion for preliminary injunctive relief within **sixty (60) days** from the date of this order.

**SO ORDERED** this 12th day of June 2012, at New Haven, Connecticut.

    /s/ *Charles S. Haight, Jr.*
Charles S. Haight, Jr.
Senior United States District Judge