UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IRA ALSTON,                                 :
            Plaintiff,                      :
                                            :                    PRISONER
      v.                                    :        CASE NO. 3:12-cv-811 (CSH)
                                            :
BRIAN K. MURPHY, et al.,                    :
            Defendants.                     :


**RULING ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF**

HAIGHT, Senior District Judge:

      The plaintiff, currently incarcerated at the Northern Correctional Institution in Somers,

Connecticut, has filed a complaint *pro se* under 42 U.S.C. § 1983 (2000) challenging the

institutional practice of requiring inmates confined in Phase I of the Security Risk Group Safety

Threat Member Program to recreate while handcuffed with their hands behind their backs, as

depriving him of an opportunity for meaningful exercise.  The defendants are Brian K. Murphy,

Michael P. Lajoie, Angel Quiros, Leo Arnone and Edward Maldonado.

      Interim injunctive relief "is an extraordinary and drastic remedy, one that should not be

granted unless the movant, by a clear showing, carries the burden of persuasion."  *Mazurek v.*

*Armstrong*, 520 U.S. 968, 972 (1997) (per curiam) (emphasis, internal quotation marks and

citation omitted).  Preliminary injunctive relief is designed "to preserve the status quo and

prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits."

*Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam).

      To obtain preliminary injunctive relief, the moving party must establish "(1) irreparable

harm and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions

going to the merits of its claims to make them fair ground for litigation, plus a balance of hardships tipping decidedly in favor of the moving party." *Lynch v. City of New York*, 589 F.3d 94, 98 (2d Cir. 2009) (internal quotation marks and citation omitted), *cert. denied*, 131 S. Ct. 415 (2010).

If a party seeks a mandatory injunction, *i.e*, an injunction that alters the status quo by commanding the defendant to perform a positive act, he must meet a higher standard.  "[I]n addition to demonstrating irreparable harm, '[t]he moving party must make a clear or substantial showing of a likelihood of success' on the merits, ... a standard especially appropriate when a preliminary injunction is sought against government." *D.D. ex rel. V.D. v. New York City Bd. of Educ.*, 465 F.3d 503, 510 (2d Cir. 2006) (citations omitted).  Questionable claims would not meet the likelihood of success requirement.  *See Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 340 (1999).  Here, the plaintiff seeks to change the status quo by obtaining an order altering his conditions of confinement.  Thus, he must meet this higher standard.

Although a hearing is generally required on a properly supported motion for preliminary injunction, oral argument and testimony are not required in all cases.  *Maryland Cas. Co. v. Realty Advisory Bd. on Labor Relations*, 107 F.3d 979, 984 (2d Cir. 1997).  Where, as here, "the record before a district court permits it to conclude that there is no factual dispute which must be resolved by an evidentiary hearing, a preliminary injunction may be granted or denied without hearing oral testimony."  7 James W. Moore, et al., *Moore's Federal Practice* ¶ 65.04[3] (2d ed. 1995).  Upon review of the record, the court determines that oral testimony and argument are not necessary in this case.  The plaintiff's motion seeking a hearing is denied.

In his motion, the plaintiff claims that he cannot meaningfully exercise during his one-hour daily recreation period because he is handcuffed with his hands behind his back.  He also argues that he cannot meaningfully exercise in his cell because of space is limited and other inmates may physically harm him if he disturbs them.  The plaintiff contends that the lack of meaningful exercise poses a threat to his physical and mental health warranting preliminary injunctive relief.  The defendants have submitted evidence suggesting that the plaintiff will not suffer any irreparable harm.  Although the plaintiff was afforded until February 7, 2013, to file a reply, he did not do so and did not timely seek any further extension of time.

The plaintiff is confined in Phase I of the Security Risk Group Safety Threat Member Program.  Inmates in Phase I attend their one-hour recreation period with their hands restrained behind their backs.  Inmates are eligible for advancement to Phase II of the program after 120 days if they have not received any disciplinary reports.  Thus, any stay in Phase I longer than 120 days is the result of the inmate's behavior and, therefore, within his control.  Inmates in Phase II do not recreate in restraints.  *See* Doc. #37, Defs.' Mem. Ex. 1, Aff. of Counselor Doran, ¶¶ 4-8.

The plaintiff entered Phase I on March 22, 2012.  While in Phase I, the plaintiff received several disciplinary reports which extended his stay.  The plaintiff advanced to Phase II on October 17, 2012.  On November 27, 2012, he received a disciplinary report for interfering with institutional safety and security and was returned to Phase I.  *See* Doc. #37, Defs.' Mem. Ex. 1, Aff. of Counselor Doran, ¶¶ 11-14.

During recreation in Phase I, the plaintiff can walk about, breathe fresh air, be exposed to sunlight and socialize with other inmates.  *See* Doc. #37, Defs.' Mem. Ex. 1, Aff. of Counselor Doran, ¶ 7.  In another case, asserting a virtually identical claim, the court credited the testimony

of plaintiff's expert that an inmate with his hands restrained behind his back can walk safely at a speed of 3.5 miles an hour. *See Taylor v. Murphy*, No. 3:10-cv-245(HBF), 2012 WL 4512510, at *10 (D. Conn. Sept. 20, 2012).   Dr. Carson Wright opines that this level of exercise for a period of 120 days will not cause any adverse health effects.  Further, Dr. Wright examined the plaintiffs cell and determined that there is sufficient space for the plaintiff to perform calisthenics or exercises.  *See* Doc. #37, Defs.' Mem. Ex. 2, Aff. of Dr. Wright, ¶¶ 7, 5.  Although the plaintiff argues that he cannot perform any exercises in his cell, he also states that he has exercised "on numerous occasions."  Doc. #3 Ex. A, Aff. of Ira Alston, ¶ 19.  Although he alleges that his attempts at in-cell exercise have agitated his cellmate and other inmates, he provided no evidence that he was involved in anything other that a possible argument.

In light of this evidence, the court concludes that the plaintiff has not shown that he will suffer irreparable harm should this motion be denied.  The plaintiff's motion for preliminary injunctive relief [**Doc. #3**] is **DENIED**, his motion for an expedited ruling [**Doc. #12**] is **DENIED** as moot and his motion for an evidentiary hearing [**Doc. #41**] is **DENIED**.

**SO ORDERED** this 14th day of March 2013, at New Haven, Connecticut.

*/s/ Charles S. Haight, Jr.*
Charles S. Haight, Jr.
Senior United States District Judge